UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| | * | BANKRUPTCY №. 12-70427-M-11 |
| | * | |
| STAR EMS | * | |
|    Debtor | * | CHAPTER 11 |

**UNITED STATES OF AMERICA'S (INTERNAL REVENUE SERVICE)
MOTION TO DENY USE OF CASH COLLATERAL**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN **21** DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, on behalf of the Internal Revenue Service ("IRS"), its agency and instrumentality, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and respectfully moves this Court, pursuant to **11 U.S.C. §363(e),** to deny the Debtor's use of cash collateral. In support thereof, the United States would show the following:

1. Debtor filed a Chapter 11 bankruptcy on July 26, 2012. As of the petition date, the IRS had liens filed in Hidalgo County and possesses a security interest in Debtor's cash collateral. Debtors have not filed a Motion for Authority to Use Cash Collateral pursuant to 11 U.S.C. 363(c)(2).

2. On August 2, 2012, the IRS mailed a letter to Debtor informing them that the IRS did not consent to use, sale or lease of cash collateral unless the Debtor provides adequate protection of the government's interest as stipulated in 11 U.S.C. §§ 361 and 363(e).

3. The IRS has filed a proof of claim with the Court totaling $428,040.84. Of this amount, $231,601.74 is shown as secured and $196,439.10 is shown as unsecured priority. The Debtor's schedules show $158,500.00 in personal property. There is only one creditor shown in these schedules and that is the IRS. The Revenue Officer who was assigned this case prior to the bankruptcy filing stated that there were 13 emergency medical services vehicles (2 of which were not operational). The ambulances were not listed on Debtor's schedules. The IRS questions whether these ambulances are owned by the partners and leased to the partnership, and/or whether there are there loan balances owing by the Debtor.

4. Based on information that IRS has acquired to date, the IRS possesses a secured lien for the entire $231,601 listed in its Proof of Claim.

5. The IRS requests the Court deny Debtor the use of the IRS' cash collateral, unless and until Debtor agrees to the entry of an order containing the following provisions:

   a. The Internal Revenue Service is hereby granted a replace a replacement lien on all inventory and accounts receivable acquired by the Debtor since the filing of the petition and is hereby ratified and confirmed in its lien filed on the Debtor's inventory, accounts and fixtures perfected by the Internal Revenue Service prior to the filing of the Debtor's petition in the cause with such lien and replacement lien to continue until further Order of this Court or confirmation of a Plan of Reorganization.

   b. Debtor shall maintain insurance on all business assets and shall provide written evidence of same to the Internal Revenue Service.

c. Debtor shall make periodic monthly payments to the Internal Revenue Service in the sum of $2,000.00 each month to begin on September 15, 2012, and continuing thereafter on the 15th of each successive month until a Plan is confirmed or further Order of this Court.

d. Debtor shall remain current of all tax obligations, including but not limited to, deposit of employee withholdings for income, Social Security taxes and hospital insurance (Medicare) and employer's contribution for Social Security taxes and deposit of excise tax, if applicable. Debtor shall file all present and future tax returns as they become due. The IRS is showing that the debtor has not filed the Form 941's for tax quarters ending March 31, 2012 and June 30, 2012. Returns should be mailed to:

> Internal Revenue Service
> Attn: Keri Templeton
> 300 E. 8th St., Stop 5026AUS
> Austin, TX 78701

e. In the event that Debtor defaults on any of the conditions of this Order, the IRS will notify the Debtor's attorney of the default. If the default is not cured within twenty (20) days of the date of the notification, the continued use of cash collateral is denied and the IRS will file a motion for dismissal or conversion. During the term of this Agreed Order, the Debtor may default on any of the terms three times. The third default cannot be cured and the IRS will deny the continued use of cash collateral and will file a motion to dismiss or convert.

6. The IRS's interest in the cash collateral is not adequately protected. Pursuant to 11 U.S.C. §363(c)(2) and (e), Debtor should be prohibited from further using cash collateral subject to the federal tax lien.

WHEREFORE, PREMISES CONSIDERED, the IRS respectfully requests that this motion be granted and that Debtors be prohibited from using the IRS' cash collateral, and that the Court grant such other and further relief as is just and proper.

    Respectfully submitted,

    KENNETH MAGIDSON
    UNITED STATES ATTORNEY

    *//s// David Guerra*
    DAVID GUERRA
    Assistant United States Attorney
    1701 W. Business 83, Suite 600
    McAllen, Texas 78501
    (956) 618-8010
    (956) 618-8016 (fax)
    State Bar No. 08575200
    SDTX No. 14435

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the true and foregoing United States of America's (Internal Revenue Service) Motion to Deny Use of Cash Collateral was sent to the following, as follows:

| Parties/Attorney(s): | For: | Served by: |
| --- | --- | --- |
| Star EMS<br>P.O. Box 1551<br>Elsa, TX 78543 | Debtor | via first class mail, postage prepaid and/or email |
| Jose Luis Flores<br>1111 W. Nolana<br>McAllen, TX 78504 | Debtor's attorney | via first class mail, postage prepaid and/or email |
| Office of US Trustee<br>606 N. Carancahua<br>Corpus Christi, TX 78476 | Trustee | via first class mail, postage prepaid and/or email |
| Internal Revenue Service<br>Special Procedures<br>300 E. 8th Street, Stop 5026AUS<br>Austin, Texas 78701 | | via first class mail, postage prepaid and/or email |
| John T. Banks<br>Perdue, Brandon, Fielder<br>3301 Northland Drive<br>Suite 505<br>Austin, TX 78731 | Attorney for Hidalgo County and Hidalgo County Drainage District #1 | via first class mail, postage prepaid and/or email |
| Diane W. Sanders<br>Linebarger Goggan Blair<br>P. O. Box 17428<br>Austin, TX 78760-6675 | Attorney for City of Elsa, Hidalgo Co ESD #2, Edcouch – Elsa ISD, South Texas College and South Texas ISD | via first class mail, postage prepaid and/or email |

and electronically pursuant to LBR 5005 and Rule 2.C, Admin. Proc. For Electronic Filing or, to those not served electronically, by mailing the Motion via first class mail, postage prepaid to the parties listed on the Certificate of Service.

on this the 14th day of   August  , 2012.

                                           *//s// David Guerra*
                                           DAVID GUERRA
                                           Assistant United States Attorney