UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
Barbara C. Jue
Trial Attorney
606 N. Carancahua
Wilson Plaza, Suite 1107
Corpus Christi, Texas  78401
Telephone:  (361)888-3261
Fax:  (361)888-3263

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| STAR EMS | § | 12-70427-M-11 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO
MAINTAIN EXISTING PRE-PETITION BANK ACCOUNTS
(Docket #30)

**LOCAL RULE 9013(b) NOTICE:**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
**************************************************************
TO THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, JUDY A. ROBBINS, UNITED STATES TRUSTEE, ("UST"), through the undersigned counsel, who respectfully objects to STAR EMS' ("Debtor") Motion for Authority to Maintain Existing Pre-Petition Bank Accounts (Docket entry # 30).  In support of her Objection, the UST states the following:

1.  Debtor filed for bankruptcy relief under chapter 11 on July 26, 2012 ("Petition Date"). The Debtor maintains and operates an ambulance service in the valley area of the State of Texas.

2.  The Operating Guidelines of the United States Trustee requires chapter 11 debtors to close their bank accounts existing on the Petition Date and open new "Debtor in Possession Accounts" immediately upon filing. The Debtor acknowledges this Debtor in Possession ("DIP") duty in his motion seeking to maintain pre-petition bank accounts. (In fact, the Debtor seeks to maintain only one pre-petition account, Lone Star Bank account that receives Medicare/Medicaid payments from the State of Texas.)

3.  Under the above stated circumstance, the UST does not ordinarily object to the maintenance of such pre-petition account when the motion is filed immediately upon filing the case, the pre-petition account is designated as a DIP account, and the facts and circumstances support that the Debtor will suffer "irreparable harm" as a result of a delay that may be caused by closing the account and opening a new one.

4.  The UST investigated the Debtor's financial practices, its bank accounts, and their management at an initial debtor conference held by the UST bankruptcy analyst on August 21, 2012.  The UST examined the Debtor further at the Debtor's meeting of creditors held pursuant to section 341 of the Bankruptcy Code on September 18, 2012. The UST made the Debtor fully aware of the importance of its financial responsibility to the Debtor as its fiduciary at both meetings.

5.  The Debtor filed their motion for authority to maintain existing pre-petition bank accounts on September 27, 2012.

6.  On October 1, 2012, the Debtor filed two monthly operating reports ("MORs") (Docket entries # 31 & 32) for July and August, 2012.  The UST analyst reviewed the MORs, being aware the Debtor is seeking to maintain its existing pre-petition bank account at Lone Star Bank.

7.  The UST review of the two  MORs, July and August showed the following serious problems:
    *   July - no bank statements attached.
    *   August - the MOR filed by the debtor reports income of $215,067 and disbursements of $218,520.  The attached bank statements report as follows:
        o   DIP acct income from deposits $24,659, disbursements $19,218
        o   Lone Star acct income from deposits $37,061, disbursements $39,450

- o Elsa State Bank acct income from deposits $95,269, disbursements $71,249
- o Total <u>income per bank statements $156,989</u>, versus $215,067 reported on MOR
- o Total <u>disbursements per bank statements $129,917</u>, versus $156,989 reported per banks.
- o About $58,000 in income reported on the MOR was not seen on the bank statements attached to the MOR.
- o About $88,000 in expenses reported on the MOR are not shown on the bank statements attached to the MOR.

The Debtor did not file the July and August MORs with full disclosure of income and expenses.

8. The Debtor's motion, filed more than two months after the case was filed, seeks extraordinary relief from the UST Guidelines for Debtors in Possession, but the MORs filed by the Debtor demonstrate that it may not be maintaining accurate bookkeeping or records of its cash flow.

9. The UST objects to the Debtor maintaining any prepetition bank accounts since it has not shown the Debtor is capable of reporting all transactions accurately.  New bank accounts are required, and the requirement presupposes more accurate accounting by the DIP with ease of review by the UST.

WHEREFORE, the UST prays that this Court enters an order denying the maintenance of prepetition bank accounts in lieu of new DIP accounts as required in the Guidelines for Debtors in Possession, and for any further relief as may be equitable and just.

Dated: October 9, 2012                    Respectfully submitted,

                                          JUDY A. ROBBINS
                                          UNITED STATES TRUSTEE

                                          By: /s/Barbara C. Jue
                                          Barbara C. Jue
                                          Texas Bar No. 11768550
                                          606 N. Carancahua, Ste. 1107
                                          Corpus Christi, TX  78401
                                          Telephone:  (361)888-3261
                                          Facsimile:  (361)888-3263

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO MAINTAIN EXISTING PRE-PETITION BANK ACCOUNTS was served electronically upon the parties so noticed by the Clerk of the Bankruptcy Court, and upon the Debtor, Debtor's attorney as listed below, via the United States Postal Service, first class mail, postage prepaid on the  9th day of  October , 2012.

Date: October 9, 2012

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE

By:   /s/Barbara c. Jue
Barbara C. Jue
Trial Attorney
Texas Bar No. 1178550
606 N. Carancahua St., Ste. 1107
Corpus Christi, TX 78401
Telephone:  (361)888-3261
Facsimile:  (361)888-3263

**DEBTOR:**

Star EMS
PO Box 1551
Elsa, TX 78543

**DEBTOR'S ATTORNEY:**

Jose Luis Flores
Attorney at Law
1111 W. Nolana
McAllen, TX 78504