UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY №. 12-70427-M-11 |
| | § | |
| | § | |
| STAR EMS | § | CHAPTER 11 |
|     Debtor | § | |

**UNITED STATES OF AMERICA'S (INTERNAL REVENUE SERVICE)
MOTION TO DISMISS OR CONVERT CASE TO CHAPTER 7
FOR FAILURE OF DEBTOR TO COMPLY WITH CASH COLLATERAL ORDER**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN **21** DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

COMES NOW the United States of America, on behalf of the Internal Revenue Service ("IRS"), its agency and instrumentality, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and respectfully moves the Court to dismiss, or convert to a Chapter 7 liquidation, Debtor's Chapter 11 case, for Debtor's failure to comply with this Court's Order regarding Debtor's use of the IRS' cash collateral, and for failure to comply with post-petition federal tax obligations.  In support thereof, the United States would show the following:

1. Debtor filed a Chapter 11 bankruptcy on July 26, 2012.  As of the petition date, the IRS had liens filed in Hidalgo County and possesses a security interest in Debtor's cash

collateral. Debtors did not file a motion for authority to use cash collateral pursuant to 11 U.S.C. 363(c)(2), but the United States, on behalf of the IRS, did file a motion to prohibit Debtor's use of the IRS' cash collateral. Following the filing of this motion, Debtor and the IRS reached an agreement regarding Debtor's use of the IRS' cash collateral, and this agreement was formalized through the entry of an Order by this Court dated September 7, 2012. See Docket No. 17.

2. Pursuant to the terms of the Court's September 7th Order, Debtor was required to make certain periodic payments to the IRS. These payments have not been made, and thus Debtor is in default. Notice of the default has been given to Debtor and Debtor's counsel, but the default remains uncured. Notwithstanding this default and the express terms of the September 7th Order prohibiting Debtor's use of cash collateral in the event of an uncured default, Debtor has continued to use the IRS' cash collateral.

3. In addition to violating the Court's Order and using the IRS' cash collateral with authorization, Debtor has failed to make all of the required employer deposits due under federal tax law. In particular, Debtor has not filed quarterly returns and made tax deposits that arise out of its position as an employer for the third quarter of 2012. Further, in Debtor's latest monthly operating report, Debtor has acknowledged that it is not paying all of its monthly bills, and is not paying all of its employees on time.

4. As part of the bankruptcy process for obtaining a fresh start, debtors are expected to pay all post-petition taxes as they become due. Indeed, Southern District of Texas local bankruptcy rules specifically provide that debtors "must comply fully with Title 11's tax provisions, with the deposit requirements of the Internal Revenue Code and Regulations, and with all state tax laws." Here, Debtor has failed to make post-petition federal tax deposits as

they have become due, and has thus violated the local bankruptcy rules and incurred a post-petition indebtedness without Court approval, to the detriment of the Internal Revenue Service.

5. The Bankruptcy Code permits the Court, after notice and hearing, to dismiss a case or convert it to a liquidation case under Chapter 7, whichever is in the best interests of the creditors and the estate, whenever a debtor fails to, *inter alia*, file post-petition tax returns as they become due and to follow the rules of this Court. Here, Debtor has failed to make their required post-petition tax deposits, in violation of its obligation under the rules of the Court, and has incurred debt without Court approval. Further, Debtor has failed to comply with the terms of the Court's September 7th Order, and has improperly used cash collateral without authority, and has failed to operate in good faith while under the protection of this Court. Dismissal of the case is therefore warranted. Alternatively, the IRS respectfully requests that the Court convert this case to a liquidation proceeding under Chapter 7 of the Code.

WHEREFORE, PREMISES CONSIDERED, the United States, on behalf of the IRS, respectfully requests that this motion be granted and that Debtor be prohibited from using the IRS' cash collateral, that the Court dismiss the case and/or convert it to a Chapter 7 proceeding, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*//s// David Guerra*
DAVID GUERRA
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)
State Bar No. 08575200
SDTX No. 14435

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the true and foregoing United States of America's (Internal Revenue Service) Motion to Dismiss or Convert was sent to the following, as follows:

| Parties/Attorney(s): | For: | Served by: |
| --- | --- | --- |
| Star EMS<br>P.O. Box 1551<br>Elsa, TX 78543 | Debtor | via first class mail, postage prepaid and/or email |
| Jose Luis Flores<br>1111 W. Nolana<br>McAllen, TX 78504 | Debtor's attorney | via first class mail, postage prepaid and/or email |
| Office of US Trustee<br>606 N. Carancahua<br>Corpus Christi, TX 78476 | Trustee | via first class mail, postage prepaid and/or email |
| Internal Revenue Service<br>Special Procedures<br>300 E. 8th Street, Stop 5026AUS<br>Austin, Texas 78701 | | via first class mail, postage prepaid and/or email |
| John T. Banks<br>Perdue, Brandon, Fielder<br>3301 Northland Drive<br>Suite 505<br>Austin, TX 78731 | Attorney for Hidalgo County and Hidalgo County Drainage District #1 | via first class mail, postage prepaid and/or email |
| Diane W. Sanders<br>Linebarger Goggan Blair<br>P. O. Box 17428<br>Austin, TX 78760-6675 | Attorney for City of Elsa, Hidalgo Co ESD #2, Edcouch – Elsa ISD, South Texas College and South Texas ISD | via first class mail, postage prepaid and/or email |

and electronically pursuant to LBR 5005 and Rule 2.C, Admin. Proc. For Electronic Filing or, to those not served electronically, by mailing the Motion via first class mail, postage prepaid to the parties listed on the Certificate of Service.

on this the 6th day of December, 2012.

                                          *//s// David Guerra*
                                        DAVID GUERRA
                                        Assistant United States Attorney